UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MATTHEW CARMICHAEL, ROBERT E. BASKIN on behalf of STARS IN THE SKY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, PETER ESTES, SUMMER STEPHAN, MICHAEL HOLMES, JOHN STALEY, AUTONATION DBA BMW OF ENCINITAS, TOYOTA OF ESCONDIDO, AND DOES 1-10 inclusive,<br><br>Defendant. | Case No.: 19-cv-01750-GPC-AGS<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITHOUT PREJUDICE.**<br><br>**ECF Nos. 4, 6, 10.** |

    Plaintiffs Kirk Matthew Carmichael ("Plaintiff") and Robert E. Baskin ("Trustee") (collectively, "Plaintiffs"), on behalf of the Stars in the Sky Trust ("Trust"), have filed a complaint alleging a wide variety of constitutional and statutory violations against the Defendants County of San Diego, Peters Esters, Summer Stephan, Michael Holmes, John Staley, AutoNation DBA BMW of Encinitas, Toyota of Escondido, and multiple Doe

1

individuals. ECF No. 1. Three of these Defendants – John Staley, Michael Holmes, and the County of San Diego ("County") – have filed motions to dismiss Plaintiffs' complaint for failure to state a claim. ECF No. 4, 6, 10. Plaintiffs filed responses to each motion, ECF Nos. 12, 13, 14, and Defendants filed their replies. ECF Nos. 16, 17, 18. Both the County, ECF No. 10-2, and Plaintiffs, ECF No. 15, filed requests for judicial notice.[1]

The Court now faces two questions. First, because Plaintiffs' claim arises out of an ongoing prosecution in California state court, the Court must determine whether the *Younger* doctrine precludes review of Plaintiffs' claims. Second, the Court must decide whether Plaintiffs' scattershot complaint – which incorporates over two dozen statutes and constitutional provisions as well as 756 pages of attachments – comports with the Federal Rule of Civil Procedure ("Rule") 8 and with the pleading standards established by *Twombly* and *Iqball*. The Court finds for Defendants as to both questions and dismisses the complaint.

I. **Background**

   a. **Factual Background**

On October 12, 2018, Plaintiff arrived at BMW of Encinitas to purchase a car at about 7 p.m. (ECF No. 1 at 3.) Plaintiff's application triggered a "fraud alert." (*Id.*; ECF No. 1 at 21–25, Carmichael Affidavit ("CA") at ¶ 5–8.) A police officer arrived and spoke to Plaintiff "in an hour long questioning." (ECF No. 1 at 3.) The officer then arrested Plaintiff, first placing him in the back of a police car and then reading Plaintiff his *Miranda* rights.[2] (*Id.*; CA at ¶ 2.) The officer next searched Plaintiff, and then took

---

[1] Plaintiffs seek notice of two documents entitled "Notice of California law concerning the licensing of an Attorney" and "Power and Duties of the Trustee." ECF No. 15. As these documents appear immaterial to Plaintiff's complaint or the motions to dismiss, the Court DENIES Plaintiff's request as moot. The County seeks judicial notice of various facts. ECF No. 10-2. The Court grants this request to the extent the Court relies on those facts in its Analysis below. *See supra* Section III. Otherwise, the Court DENIES the County's request as moot.

[2] Plaintiff contradicts himself by also stating that he was not *Mirandized* at this arrest. (ECF No. 1 at 4.)

2

him to Vista County jail. (ECF No. 1 at 3.) Plaintiff was released at 9 a.m. the next morning after he posted a $50,000 bond. (*Id.*; CA at ¶ 12.) Plaintiff obtained the funds to post bond after contacting Mr. Robert E. Baskin, co-trustee of the Living Water Trust, who authorized him to "use trust assets from a Checkbook to post a Bond of $50,000." (*Id.* at ¶ 4–6.)

On February 5, 2019, Plaintiff presented himself for arraignment on the charges resulting from his October 12, 2018 arrest. (ECF No. 1 at 3.) At the hearing, Plaintiff was arrested on other charges and remanded to the state's custody pursuant to California Penal Code ("CPC") § 1275.1. (*Id.* 3–4; ECF No. 1-3, Ex. 8 at 11.) Plaintiff was not permitted to review the bail order. (ECF No. 1 at 4.) Plaintiff was searched without being *Mirandized* and then taken to a holding cell. (*Id.*)

A public defender assigned by the Court next waived the reading of the complaint and entered a plea of not guilty in both cases. (*Id.*; ECF No. 1-3, Ex. 8 at 7–8; CA at ¶¶ 16, 22, 38.) Plaintiff objected to entering a plea. (ECF No. 1 at 4.; CA at ¶¶ 17–21.) Plaintiff was held in County jail for about 21 days until February 25, 2019 when the state court held a hearing on the CPC § 1275.1 hold. (ECF No. 1 at 4; CA at ¶ 39.)

During this period of incarceration, on February 17, 2019, Plaintiff hired Mr. John Staley to represent him on the bond for $2,500. (ECF No. 1 at 6; CA at ¶ 40.) Two days later, on February 19, 2019, Mr. Staley informed Plaintiff that he could not represent him because the public defender's office was already his attorney of record. (ECF No. 1 at 9; CA at ¶ 41.). Then, on February 23, 2019, Plaintiff hired Mr. Michael Holmes, a second private attorney, "to coordinate the release from incarceration at the February 25, 2019 hearing" for $25,000. (ECF No. 1 at 6; CA at ¶ 46.) Mr. Holmes was later relived as counsel on August 12, 2019 due to a conflict of interest. (ECF No. 1-4, Ex. 10 at 1–2; CA at ¶¶ 48–49.)

**b. The Complaint's Allegations**

Plaintiff's complaint contains a multitude of allegations that are difficult to parse

3

for lack of specificity and direction. First, based on these facts, Plaintiff makes the broad claim that the "municipality" is engaged in a "cottage operation in the obstruction of justice" which consists of "abuse of legal process, abuse of discretion, Malconduct by attorney of record, Malice in law, Malice in fact, and disruption of public safety and peace in which such acts does not comport with constitutional Due Process of law." (ECF No. 1 at 4.)

Next, Plaintiff alleges that all Defendants are guilty of violating various constitutional provisions, including the First, Fourth, Fifth, Sixth, Eighth, Eleventh and Fourteenth Amendments. (*Id.* at 7–8.) Plaintiff also contends that Defendants' conduct likewise violates three federal statutes: the Civil Rights Act of 1964, Title VI § 601 (i.e. 40 U.S. Code § 14702), the Highway Safety Act of 1966, and the National Drivers Act of 1982. (*Id.* at 6–7.)

Then, Plaintiff's complaint adds four "Counts" directed at the Honorable James E. Simmons, Jr. of the Superior Court of San Diego County (the "Judge"), the judge who presides over Plaintiff's criminal case. Under Count 1, Plaintiff alleges that the Judge is guilty of perjury. (*Id.* at 8–9 (citing 18 U.S.C. § 1621.)) Under Counts 2 and 3, Plaintiff alleges that the Judge is liable for several criminal offenses, including treason and seditious conspiracy. (*Id.* at 9–10 (citing 18 U.S.C. §§ 3, 4, 2381, 2382, 2383, 2384); *id.* at 11–12 (citing 18 U.S.C. §§ 241, 242.)) Lastly, under Count 4, Plaintiff alleges that the Judge "willfully and knowingly violate[d]" Plaintiff's constitutional rights and "created a public debt from said" unlawful conduct. (*Id.* at 12–18 (citing 31 U.S.C. § 3729; 18 U.S.C. §§ 1834, 1957; 42 U.S.C. 2000d-7.))

## II. Legal Standard

A complaint must provide a "short and plain statement of the claim showing that [the Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41,

4

47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the claims in the complaint. *See Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In ruling on a motion to dismiss, the court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), reversed on other grounds, *Davis v. Scherer*, 468 U.S. 183, 188 (1984). The court must assume the truth of the facts presented and construe all inferences from them in the light most favorable to the nonmoving party. *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Nonetheless, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

With respect to an inmate who proceeds pro se, his factual allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming that this standard applies to pro se pleadings post-*Twombly*). Thus, where a plaintiff appears pro se in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *Hebbe*

*v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Courts, however, should not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624-25 (9th Cir. 1988). Only if the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.*; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

## III. Analysis

### a. Trust and Trustee Lack Standing and Trustee Requires Counsel.

As threshold matters, the Court addresses the issues of standing and counsel for Trust and Trustee. Plaintiffs must demonstrate that they have standing to sue. *Friends of Santa Clara River v. United States Army Corps of Engineers*, 887 F.3d 906, 917–18 (9th Cir. 2018). Standing exists where the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 918.

Here, the complaint alleges no injury as to Trust and Trustee, and no injury can be inferred from the Plaintiffs' affidavits. Consequently, Trust and Trustee are dismissed as Plaintiffs for lack of standing.

The Court further notes that Plaintiff is not an attorney and cannot represent another party. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("As the district court accurately pointed out, courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"). If an amended complaint is filed, Trustee must submit an address to the Court where he can be independently notified of any future proceedings and filings as he must either represent himself or obtain counsel. Likewise, a Trust is a corporate person, and as such must be represented by counsel – not by a pro se trustee – to proceed before this

6

Court. *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994); *accord Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006).

### b. The Court Declines to Hear this Case Pursuant to the *Younger* Doctrine.

"In *Younger v. Harris*, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *Younger v. Harris*, 401 U.S. 37, 43–54 (1971)). Abstention is appropriate where (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. *See Clark v. Superior Court of California*, No. 19-CV-00141-LAB, 2019 WL 1114881, at *4 (S.D. Cal. Mar. 11, 2019) (quoting *ReadyLink Healthcare*, 754 F.3d at 759; *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

Here, Plaintiff claims that he was the subject of a false arrest, that he was denied bail, that the Court foisted counsel onto Plaintiff without his consent, and that the Court has otherwise denied Plaintiff due process. (ECF No. 1 at 3–4.) As argued by the County, these allegations meet the test stated by the Ninth Circuit in *Readylink* and thus Plaintiff's complaint cannot proceed in federal court. (ECF No. 10-1 at 5–7.) As to the first and second criteria, Plaintiff remains the subject of two ongoing state judicial proceedings, namely, his prosecutions under Case Numbers 396053 and 392171, (ECF No. 1-8, Ex. 16), and it is beyond contention that a criminal prosecution implicates important state interests. *See Younger*, 401 U.S. at 44 (recognizing that federal courts should not interfere with criminal prosecutions as they are quintessential state functions).

In addition, Plaintiff indicates no reason he cannot exercise his constitutional rights in state court. To the contrary, Plaintiff's voluminous exhibits show he has received a substantial opportunity to litigate his case. (*See* ECF No. 1-1, Ex. 1; ECF No. 1-2, Exs.

7

2–7; ECF No. 1-3, Exs. 8–9; ECF No. 1-4, Ex. 10) (containing the transcripts of ten hearings that occurred between October 22, 2018 to August 9, 2019); CA at ¶ 14.) Plaintiff, moreover, may continue to litigate his case in state court and, in the event of an unfavorable outcome, may appeal any errors in his prosecution to California's appellate courts. The Court will not now step in on the unfounded presumption that "the state courts will not safeguard federal constitutional rights." *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Lastly, Plaintiff's request here – that the Court find Defendants' conduct unconstitutional, award damages, and seize all "books, records and [materials pertaining to the allegedly] fraudulent claims made by" California – would have the practical effect of enjoining his prosecutions. (ECF No. 1 at 18–19.) Consequently, Plaintiff's allegations meet the *Younger* criteria.

Plaintiff's case, moreover, does not fall within any permissible exception to the *Younger* doctrine. *See* ECF No. 13 at 6–7. Plaintiff is neither the subject of an intractable incarceration, *Arevalo*, 882 F.3d at 767 (finding that being "incarcerated for over six months without a constitutionally adequate bail hearing" constitutes "irrevocable harm"), nor has he alleged facts that would suggest his prosecution stems from "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. at 435. Plaintiffs' complaint expresses frustration with the ongoing prosecutions but provides no reason to overcome the "overlapping principles of equity, comity, and federalism" that counsel against federal intervention. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091–92 (9th Cir. 2008).

Consequently, the Court finds that Plaintiff's complaint is barred by *Younger*.

   **c. In the Alternative, Plaintiff's Prolix Complaint Violates Rule 8 and Fails to State Any Claim for Which Relief Can be Granted.**

In addition, as noted by all three motions to dismiss, Plaintiffs' claims do not state any claim for which relief can be granted. This is the case because (1) most of the statutes

which Plaintiff cites do not permit a private cause of action and (2) the complaint offers little more than "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### i. The Absence of a Private Right of Action

"It is axiomatic that private rights of action must be created by Congress." *Greene v. Sprint Commc'ns Co.*, 340 F.3d 1047, 1050 (9th Cir. 2003). For a statute to be actionable, it thus "must either explicitly create a private right of action or implicitly contain one." *Northstar Fin. Advisors, Inc. v. Schwab Investments*, 615 F.3d 1106, 1115 (9th Cir. 2010) (citation omitted). Hence, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979). Courts, moreover, "have been quite reluctant to infer a private right of action from a criminal prohibition alone." *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994).

Here, Plaintiff provides no reasons to think that the cited statutes contain a private right of action. (ECF No. 1 at 8–17; ECF Nos. 12, 13, 14.) He cites to no statutory language or prior precedent empowering him to sue under most of the statutes cited in the complaint. (*Id.*) To the contrary, many courts have found that the statutes upon which Plaintiff relies do *not* create a private right of action. *See, e.g.*, *Valero v. Bac Home Loans Servicing*, LP, 667 F. App'x 255 (9th Cir. 2016) (no private cause of action under 18 U.S.C. §§ 241 and 1621); *Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (no private cause of action under 18 U.S.C. § 2382); *Aaronson v. Kangarani*, No. 19-CV-00468-CL, 2019 WL 3490447, at *3 (D. Or., June 20, 2019), report and recommendation adopted, No. 19-CV-00468-CL, 2019 WL 3462540 (D. Or., July 31, 2019) (no private right of action under 18 U.S.C. §§ 1956 and 1957); *Garza v. Nat'l Football League*, No. 1:17-CV-1390-LJO, 2018 WL 2979568, at *2 (E.D. Cal. June 13, 2018), appeal dismissed, No. 19-15779, 2019 WL 3226622 (9th Cir. May 30, 2019) (no

private cause of action under 18 U.S.C. § 2381); *Vachon v. Reverse Mortg. Sols., Inc.*, No. CV-16-02419-DMG, 2017 WL 6628103, at *9 (C.D. Cal. Aug. 11, 2017), report and recommendation adopted, No. 16-CV-02419-DMG, 2017 WL 6626649 (C.D. Cal. Dec. 28, 2017) (no cause of action under 18 U.S.C. §§ 4, 242, 2381, 2383, 2384)*; Hilow v. Rome City Sch. Dist.*, No. 6:14-CV-288, 2015 WL 893050, at *8 (N.D.N.Y. Mar. 2, 2015) (no private cause of action under 18 U.S.C. § 3).

Similarly, even for the statutes which do contain private causes of action, Plaintiff does not allege that kind of action permitted by those statutes. *See* 18 U.S.C. § 1831, 1834; 31 U.S.C. § 3729; 42 U.S.C. 2000d. Plaintiff is not the owner of a trade secret suing for misappropriation, *Yeiser Research & Development LLC v. Teknor Apex Company*, 281 F. Supp. 3d 1021, 1057 (S.D. Cal. 2017), has not filed a qui tam action on behalf of the government, *United States ex rel. Bennett v. Biotronik, Inc.*, 876 F.3d 1011, 1013 (9th Cir. 2017), and does not claim he was the victim of racial discrimination in a federally assisted program. *See Anderson v. Tamalpais Cmty. Servs. Dist.*, No. C 08-2354-VRW, 2009 WL 3241321, at *5 (N.D. Cal. Sept. 30, 2009).

Consequently, Plaintiff's complaint does not state a claim for which relief can be granted under any of these statutes, and thus any claims depending on these statutes must be dismissed. *See* 18 U.S.C. §§ 3, 4, 241, 242, 1621, 1834, 1957, 2381, 2382, 2383, 2384); 31 U.S.C. § 3729; 42 U.S.C. 2000d-7.

### ii. The Lack of Any Factual Support for Plaintiff's Threadbare Claims

In addition to the aforementioned deficiencies, Plaintiff's complaint lacks "sufficient factual matter" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Consequently, it must be dismissed.

Plaintiffs' complaint comprises of twenty pages, two of which contain a brief factual narrative, and eighteen of which contain language excerpted from the cited statutes. Plaintiffs do not separate out each argument and statute into distinct causes of action, thus making it difficult for the Court to understand what exactly is being claimed.

10

What few facts Plaintiffs assert, moreover, do not comprise the elements of any of cause action as pled, even if taken as true. At most, Plaintiffs cursorily summarize the facts and quote from various statutes without explaining how each statute was violated.

It is of no help, moreover, that Plaintiffs attached hundreds of pages of other materials as the complaint. Plaintiffs do not cite to these materials as a means of explaining how each statute was violated. Consequently, Defendants are left guessing as to how each exhibit fits into Plaintiffs' arguments. At most, Plaintiffs occasionally mark the attachments with handwritten notes. (*See, e.g.*, ECF No. 1, Ex. 1 at 2–5; ECF No. 102, Ex. 2 at 7–8.) However, doing so is not enough to put Defendants on notice, especially where Plaintiffs' attachments are so voluminous. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (warning against plaintiff's complaint which, as here, "approach[ed] the magnitude of *War and Peace*").

Thus, Plaintiffs' complaint, as written, plainly fails the legal standard set out by the Supreme Court in *Twombly* and *Iqbal* and must be dismissed as to all claims.

### d. The Court Grants Leave to Amend.

Having found that Plaintiff's claims do not survive Defendants' motions to dismiss, the Court must now consider whether to grant leave to amend the claims. The Ninth Circuit favors granting leave to amend with "extreme liberality." *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009); *Doe v. City of San Diego*, 198 F. Supp. 3d 1153, 1165 (S.D. Cal. 2016). Thus, in the absence of valid reasons to the contrary – "such as undue delay, bad faith," a "dilatory motive on the part of the movant," a "repeated failure to cure deficiencies," or "undue prejudice to the opposing party"– leave to amend the Complaint "should be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1006 (9th Cir. 2010) (explaining that a court should grant leave unless the amendment would be futile).

Mindful of Plaintiffs' pro se status, the Court finds that none of these caveats to the

11

Ninth Circuit's general leniency on amendments apply. Plaintiff may file an amended complaint that remedies the deficiencies identified by this order, which include (1) the impermissible length and lack of explanation around Plaintiffs' attachments, (2) the identification of counsel and injury for Trust and/or Trustee, (3) the explanation of a valid exception to the Younger doctrine, (4) the removal of any statutes which do not give rise to a private cause of action, and (5) the inclusion of individualized causes of actions with adequately pled, plausible facts.

### IV. Conclusion

In sum, Plaintiffs complaint fails for multiple reasons.[3] The complaint does not provide for Trust and Trustee's standing as pled. The complaint also stems from an ongoing state prosecution and is thus barred by the *Younger* doctrine. In addition, Plaintiffs rely on several statutes which simply do not give them the right to sue. Lastly, Plaintiffs fail to plead facts to support a recoverable theory on the remaining statutes and constitutional provisions, and the attachments do not cure that deficiency because they are too voluminous and attenuated to the complaint to support Plaintiffs' claims.

The motion hearing on this matter, currently set for Friday December 13, 2019, is vacated in accordance with this order.

**IT IS SO ORDERED.**

Dated: December 10, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] The Defendants raise other persuasive arguments in their motions to dismiss, including specific arguments as to Plaintiffs' UCL claim and malpractice claim in the case of Mr. Staley, *see* ECF No. 4-1 at 12–6, that Plaintiffs do not specify which claims apply to which defendant and how that is the case, *see* ECF No. 6-1 at 7–9, and specific arguments challenging Plaintiff's 42 U.S.C. § 1983 claim against the County. *See* ECF No. 10-1 at 7. Because the arguments discussed herein are dispositive, the Court finds it necessary to address these additional arguments. In the event, Plaintiffs file an amended complaint, they would be wise to consider Defendants' other augments as well.