# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MATTHEW CARMICHAEL, ROBERT E. BASKIN on behalf of STARS IN THE SKY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, PETER ESTES, SUMMER STEPHAN, MICHAEL HOLMES, JOHN STALEY, AUTONATION DBA BMW OF ENCINITAS, TOYOTA OF ESCONDIDO, AND DOES 1-10 inclusive,<br><br>Defendants. | Case No. 19-cv-01750-GPC-AGS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND ORDERING PLAINTIFF TO SHOW CAUSE FOR WHY THIS ACTION SHOULD NOT BE DISMISSED.**<br><br>(ECF No. 20.) |

The instant order arises from a defendant's motion to dismiss the case for failure to prosecute. (ECF No. 20.) Finding that a less drastic sanction than outright dismissal would be more appropriate under the circumstances, the Court **DENIES** the motion. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing, on or before May 8, 2020, why this matter should not be dismissed for failure to prosecute. Failure to timely respond to this Order will result in dismissal of this action.

## I.     Background

On September 11, 2019, Plaintiffs Kirk Matthew Carmichael ("Plaintiff") and Robert E. Baskin ("Trustee") (collectively, "Plaintiffs"), on behalf of the Stars in the Sky Trust ("Trust"), filed a complaint alleging a wide variety of constitutional and statutory violations against the Defendants County of San Diego, Peters Esters, Summer Stephan, Michael Holmes, John Staley, AutoNation DBA BMW of Encinitas, Toyota of Escondido, and multiple Doe individuals. (ECF No. 1.) Three of these Defendants – John Staley, Michael Holmes, and the County of San Diego ("County") – then filed motions to dismiss Plaintiffs' complaint for failure to state a claim. (ECF Nos. 4, 6, 10.)

On December 10, 2019, the Court dismissed Plaintiff's complaint without prejudice for a number of reasons, including that:

> The complaint does not provide for Trust and Trustee's standing as pled. The complaint also stems from an ongoing state prosecution and is thus barred by the *Younger* doctrine. In addition, Plaintiffs rely on several statutes which simply do not give them the right to sue. Lastly, Plaintiffs fail to plead facts to support a recoverable theory on the remaining statutes and constitutional provisions, and the attachments do not cure that deficiency because they are too voluminous and attenuated to the complaint to support Plaintiffs' claims.

(ECF No. 19 at 12.) The Court granted Plaintiff leave to amend the complaint, if possible, to address the deficiencies identified in its December 10, 2019 Order. (*Id.*)

Four months have since passed. Defendant Michael Holmes has filed a motion to dismiss for failure to prosecute. (ECF No. 20.) Defendant Holmes argues that Plaintiff's failure to amend evinces an intent to accept dismissal and appeal. (*Id.* at 3–4.) Defendant Holmes further asserts that, in light of the Plaintiff's failure to file an amended complaint, the Court is well within its authority to dismiss Plaintiff's complaint with prejudice. (*Id.*)

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) authorizes a defendant to "move to dismiss the action or any claim against it" where "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41; *see also Fetuao-Salaita-Titie v. First Magnus Fin. Corp.*, No. 09-CV-0822-JM, 2009 WL 2762677, at *2 (S.D. Cal. Aug. 28, 2009) (dismissing for failure to prosecute after plaintiff did not file an amended complaint in the wake of the court's order of dismissal).

However, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). A court must weigh several factors in determining whether to dismiss for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.*

## III. Analysis

Here, three of the *Henderson* factors weigh against dismissal. As to the first factor, Plaintiff's suit was only filed in September, and during that time Plaintiff made efforts to respond to multiple motions to dismiss. *See Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1069 (D. Or. 2014) ("This case has been pending only seven months, during which time plaintiffs have diligently responded to each of defendants' numerous motions."). As to the fourth factor, the case remains in the pleading stages. As to the fifth factor, the Court has yet to take less drastic sanctions, including the issuance of an order to show cause or an order declaring a date by which an amended complaint should be filed. *See Ervin v. Bank of Am., N.A.*, No. 2:12-CV-01595-KJM, 2013 WL 1876619, at *3 (E.D. Cal. May 3, 2013) (concluding the fifth factor favored dismissal only after "pursu[ing] remedies that are less drastic than a recommendation of dismissal," including the issuance of an order to show cause).

The two remaining factors are more neutral. Here, there is no indication of a risk to the Court's management of its docket. *Lalau v. City & Cty. of Honolulu*, 938 F. Supp. 2d 1000, 1008–09 (D. Haw. 2013) (finding the second factor neutral where the "the record does not indicate that the court's management of its docket has been thwarted"). Likewise, Defendants make no showing as to a risk of prejudice. And, "[d]elay alone will not support dismissal." *Id.* (citing *Henderson*, 779 F.2d at 1423 ("A dismissal for lack of prosecution must be supported by a showing of unreasonable delay.")); *cf. also Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (affirming dismissal where a party "unnecessarily delayed the adjudication of the federal claims for almost two years").

Consequently, the Court **DENIES** Defendant Holmes's motion. On the balance, the five *Henderson* factors do not favor dismissal at this time.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Holmes's motion to dismiss for failure to prosecute. Nonetheless, the Court observes that the case has been inactive for four months without explanation. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing, on or before May 8, 2020, why this matter should not be dismissed for failure to prosecute. Failure to timely respond to this Order will result in dismissal of this action.

**IT IS SO ORDERED.**

Dated:  April 16, 2020

Hon. Gonzalo P. Curiel
United States District Judge