# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MATTHEW CARMICHAEL, ROBERT E. BASKIN on behalf of STARS IN THE SKY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, PETER ESTES, SUMMER STEPHAN, MICHAEL HOLMES, JOHN STALEY, AUTONATION DBA BMW OF ENCINITAS, TOYOTA OF ESCONDIDO, AND DOES 1-10 inclusive,<br><br>Defendants. | Case No. 19-CV-01750-GPC-AGS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE.**<br><br>(ECF No. 24.) |

The instant motion arises from defendants' motion to dismiss the Action for failure to prosecute. Given the record before the Court and Plaintiff's failure to respond to the motion, the Court **DISMISSES** the Action for failure to prosecute with prejudice.

## I. Background

On September 11, 2019, Plaintiffs Kirk Matthew Carmichael ("Plaintiff") and Robert E. Baskin ("Trustee") (collectively, "Plaintiffs"), on behalf of the Stars in the

Sky Trust ("Trust"), have filed a complaint alleging a wide variety of constitutional and statutory violations against the Defendants County of San Diego, Peters Esters, Summer Stephan, Michael Holmes, John Staley, AutoNation DBA BMW of Encinitas, Toyota of Escondido, and multiple Doe individuals. (ECF No. 1.) Three of these Defendants – John Staley, Michael Holmes, and the County of San Diego ("County") – then filed motions to dismiss Plaintiffs' complaint for failure to state a claim. (ECF Nos. 4, 6, 10.)

On December 10, 2019, the Court dismissed Plaintiff's complaint without prejudice for a number of reasons, including that:

> The complaint does not provide for Trust and Trustee's standing as pled. The complaint also stems from an ongoing state prosecution and is thus barred by the *Younger* doctrine. In addition, Plaintiffs rely on several statutes which simply do not give them the right to sue. Lastly, Plaintiffs fail to plead facts to support a recoverable theory on the remaining statutes and constitutional provisions, and the attachments do not cure that deficiency because they are too voluminous and attenuated to the complaint to support Plaintiffs' claims.

(ECF No. 19 at 12.) The Court granted Plaintiff leave to amend the complaint, if possible, to address the deficiencies identified in its December 10, 2019 Order. (*Id.*)

After four months passed, Plaintiff did not amend the Complaint. Instead, on April 5, 2020, Defendant Michael Holmes filed a motion to dismiss for failure to prosecute. (ECF No. 20.) The Court denied the motion on April 16, 2020, and issued an Order to Show Cause ("OSC") for why the Complaint should not be dismissed instructing Plaintiff to respond in writing on or before May 8, 2020 (ECF No. 21.) On May 14, 2020, Defendant Michael Holmes filed a second motion to dismiss for failure to prosecute after Plaintiff did not respond to the OSC. (ECF No. 24.) Defendants John Staley and the County of San Diego then joined in Mr. Holmes's motion. (ECF Nos. 26, 27.)

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) authorizes a defendant to "move to dismiss the action or any claim against it" where "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41; *see also Fetuao-Salaita-Titie v. First Magnus Fin. Corp.*, No. 09-CV-0822-JM, 2009 WL 2762677, at *2 (S.D. Cal. Aug. 28, 2009) (dismissing for failure to prosecute after plaintiff did not file an filed amended complaint in the wake of the court's order of dismissal).

However, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). A court must weigh several factors in determining whether to dismiss for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.*

## III. Analysis

In light of the record before the Court and the applicable law, the Court dismisses the instant Action with prejudice for failure to prosecute.

As a threshold matter, the Court observes that Plaintiff has not filed a written response to Defendants' motion per the briefing schedule. (ECF No. 25.) The Court deems Plaintiff's "failure to respond to the motion as consent to the motion." *Lund v. Brenner*, 163 F.3d 606 (9th Cir, 1998) (citing *Henry v. Gill Ind., Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993)).

The Court also finds that the *Henderson* factors weigh in favor of dismissal. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). As to the first two factors, Plaintiff's suit was filed in September and during that time Plaintiff has twice failed to respond to Defendants' motions to dismiss for failure to prosecute. Hence, dismissal would provide for an appropriate, speedy resolution and permit the Court to better manage its docket given Plaintiff's disinterest in continuing this litigation.

Likewise, Defendants face the greater prejudice here given the allegations in the Complaint. Plaintiff, on the other hand, suffers no undue prejudice given the pending OSC and adequate notice provided by the Court's April 16, 2020 Order. (ECF No. 21.) And, lastly, the Court finds that, in light of the deficiencies identified in its December 10, 2019 Order, (ECF No. 19), and Plaintiff's failure to respond here, there is no need to resolve the instant action on the merits nor is a lesser sanction than dismissal appropriate.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Holmes's motion to dismiss for failure to prosecute.

**IT IS SO ORDERED.**

Dated: June 22, 2020

Hon. Gonzalo P. Curiel
United States District Judge